IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE DIET DRUGS (PHENTERMINE/
FENFLURAMINE/DEXFENFLURAMINE) MDL NO. 1203
PRODUCTS LIABILITY LITIGATION

JULIAS ANDERSON, ET AL PLAINTIFFS

VS. CIVIL ACTION NO: 03-20361

WYETH, INC., ET AL DEFENDANTS

**ANSWER AND DEFENSES OF DEFENDANT, F. LEE NEAL, JR., M.D.
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW Defendant F. Lee Neal, Jr., M.D. ("Dr. Neal") and files this his Answer and Defenses to the Plaintiff's Original Complaint herein, as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against Dr. Neal upon which relief can be granted.

**SECOND DEFENSE**

Dr. Neal asserts all applicable defenses provided by Rule 12 of the Mississippi Rules of Civil Procedure.

**THIRD DEFENSE**

The plaintiffs' individual claims do not arise from the same transaction or occurrence or series of transactions or occurrences and, therefore are not properly joined in this case.

**FOURTH DEFENSE**

Dr. Neal is misjoinder and/or fraudulently joined as a defendant in this case.

**FIFTH DEFENSE**

To the extent the plaintiffs assert claims for fraud, deceit and/or fraudulent misrepresentation, such claims are not stated with the degree of particularity required by Rule

9(c) of the Mississippi Rules of Civil Procedure and should, therefore, be dismissed.

**SIXTH DEFENSE**

The plaintiffs have failed to identify any purported injuries or damages with sufficient particularity.

**SEVENTH DEFENSE**

The plaintiffs' claims against Dr. Neal are barred by the applicable statutes of limitation.

**EIGHTH DEFENSE**

If the plaintiffs suffered injuries or damages as alleged, which Dr. Neal denies, such injuries or damages were proximately caused or contributed to by acts or omissions of others for whom Dr. Neal is in no way responsible or liable. Alternatively, such acts or omissions constitute independent or superseding causes, precluding liability against Dr. Neal.

**NINTH DEFENSE**

At all relevant times, Dr. Neal reasonably and justifiably relied on the information and/or warnings provided by Wyeth relating to the drug(s) in question.

**TENTH DEFENSE**

Dr. Neal alleges that, even if he were liable to the plaintiffs, which he denies, he would not and could not be a joint or concurrent tort-feasor with one or more other defendants, and would not and could not be jointly and severally liable with one or more other defendants. Thus, this action cannot be maintained against Dr. Neal and must be dismissed.

**ELEVENTH DEFENSE**

The plaintiffs may have settled their claims for alleged injuries and damages with certain parties. In such event, Dr. Neal is entitled to a credit in the amount of any such settlement, whether in the past or in the future, made between the plaintiffs and any such parties.

**TWELFTH DEFENSE**

If the plaintiffs sustained any injuries or damages, or had any illnesses as alleged, which Dr. Neal denies, such injuries, damages or illnesses resulted from pre-existing diseases or conditions unrelated to Dr. Neal, over which Dr. Neal had no control, and for which Dr. Neal is not liable.

**THIRTEENTH DEFENSE**

At all relevant times, Dr. Neal advised his patient(s) of known risks associated with the drug(s) in question. Furthermore, the plaintiffs are barred from recovery under the doctrine of assumption of the risk. The plaintiffs were fully informed and advised of the nature of known adverse risks and consequences associated with the drug(s) in question before using it and thereby assumed the risk of the occurrence of any such alleged adverse risks and consequences, and the plaintiffs are barred from recovery for the same.

**FOURTEENTH DEFENSE**

To the extent they apply, Dr. Neal affirmatively pleads the following: estoppel, waiver, ratification, laches, accord and satisfaction, and failure to mitigate or minimize damages, if any.

**FIFTEENTH DEFENSE**

Dr. Neal pleads applicable provisions of Miss. Code Ann. § 85-5-7 (1972), as amended.

**SIXTEENTH DEFENSE**

If Dr. Neal is found to be negligent or otherwise liable for the plaintiffs' injures, which liability is denied, then Dr. Neal alleges that the plaintiffs were negligent in their conduct in ways not presently known to Dr. Neal, which negligence proximately caused or contributed to any injuries of which the plaintiffs complain and, thus, operates to diminish or bar the plaintiffs' recovery.

**SEVENTEENTH DEFENSE**

Dr. Neal is not liable for any injuries or damages which the plaintiffs may have incurred as a consequence of any use of the drug(s) in question not specifically authorized in written information accompanying the product(s) in accordance with applicable law.

**EIGHTEENTH DEFENSE**

Dr. Neal alleges that if the acts and events occurred as alleged in the Complaint, which is denied, at all relevant times the plaintiffs consented to them. Alternatively, the plaintiffs used the drug(s) in question after learning of the known risks associated with such drug(s).

**NINETEENTH DEFENSE**

If the plaintiffs suffered injuries and damages by reason of operation of nature or idiosyncratic reaction to the drug(s) in question, used either alone or in combination with any other drug, Dr. Neal is not liable.

**TWENTIETH DEFENSE**

Any verdict or judgment rendered against Dr. Neal must be reduced under the laws of the State of Mississippi by those amounts which have been, or will, with reasonable certainty, replace or indemnify the plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

**TWENTY-FIRST DEFENSE**

Dr. Neal hereby specifically denies each and every allegation contained in the Complaint by which liability is sought to be imposed upon him, and he gives notice that he intends to rely upon such other affirmative defenses as may become available or known to him during the course of disclosure or discovery, and he reserves the right to amend this Answer to assert such

defenses.

**TWENTY-SECOND DEFENSE**

Dr. Neal affirmatively pleads any and all defenses and/or claims available to him pursuant to Mississippi Code Annotated § 11-1-62 and § 11-1-63.

**TWENTY-THIRD DEFENSE-ANSWER**

AND NOW, without waiving any of the foregoing defenses or any other defenses, Dr. Neal responds to the allegations of Plaintiff's First Amended Complaint, paragraph by paragraph, as follows:

**I.**

**PARTIES**

**A. The Plaintiffs are:**

1. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' First Amended Complaint; therefore, such allegations are denied.

2. As to the first sentence of this paragraph, Dr. Neal admits that the allegations of the First Amended Complaint speak for themselves. Otherwise, Dr. Neal lacks sufficient information to form a belief as to the remaining allegations of this paragraph; therefore, such allegations are denied.

3. Dr. Neal denies the allegations of this paragraph.

4. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' First Amended Complaint; therefore, such allegations are denied.

**B. The Defendants are:**

1-51. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations

contained in paragraphs 1-51 of Plaintiffs' First Amended Complaint; therefore, such allegations are denied.

52. Dr. Neal admits the allegations contained in the first sentence of paragraph 52. As to the second sentence of paragraph 52, Dr. Neal admits that he was a physician for and prescribed diet drugs to Paula Gennaro, Edith L. Givens, Patricia J. Jones, Clancy Lambert, Billy Oberschmidt, Beverly B. Simmons, Rhonda A. Smith, Vickie S. Smith, Greg Boyte, June E. Applewhite, Linda S. Goza, Sharon A. Lambert, and Judith Wall. Dr. Neal lacks sufficient information to form a belief as to whether he has treated or prescribed diet drugs to Plaintiff, Teresa Regan; therefore, such allegations are denied.

53-75. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations contained in paragraphs 53-75 of Plaintiffs' First Amended Complaint; therefore, such allegations are denied.

**II.**

**JURISDICTION AND VENUE**

As to the allegations made under this heading of the First Amended Complaint, Dr. Neal admits that he is a resident of the State of Mississippi and that he is amenable to service of process in the State of Mississippi. Dr. Neal lacks sufficient information to form a belief as to the truth of the remaining allegations made under this heading; therefore, such allegations are denied.

**III.**

**INTRODUCTION**

As to the allegations contained in paragraph "B" under this heading, Dr. Neal admits that the allegations of the First Amended Complaint speak for themselves. The remaining allegations made under this heading appear to be directed to another defendant and therefore require no response from

Dr. Neal. To the extent such allegations may be construed against the legal interests of Dr. Neal, such allegations are denied.

**IV.**

**MANUFACTURING, MARKETING AND REGULATORY HISTORY**

Dr. Neal admits that he was provided promotional literature relating to the subject diet drugs. Dr. Neal admits that the published results and findings of the various studies, papers, reports, etc. cited under this heading speak for themselves. The remaining allegations made under this heading of the First Amended Complaint appear to be directed to another defendant and therefore require no response from Dr. Neal. To the extent such allegations may be construed against the legal interests of Dr. Neal, such allegations are denied.

**V.**

**CAUSES OF ACTION**

A. COUNT ONE: (Negligence and Negligence Per Se)

1. Dr. Neal incorporates his responses to the foregoing paragraphs herein by reference.

2-9. The allegations made in paragraphs 2-9 and all their subparts and the unnumbered paragraph immediately following subpart "t" of paragraph 9 appear to be directed to another defendant and therefore require no response from Dr. Neal. To the extent such allegations may be construed against the legal interests of Dr. Neal, such allegations are denied.

B. COUNT TWO: (Strict Liability)

1. Dr. Neal incorporates his responses to the foregoing paragraphs herein by reference.

2-12. The allegations made in paragraphs 2-12 appear to be directed to another defendant and therefore require no response from Dr. Neal. To the extent such allegations may be construed against the legal interests of Dr. Neal, such allegations are denied.

**C. COUNT THREE: (Design and Marketing Defect)**

1. Dr. Neal incorporates his responses to the foregoing paragraphs herein by reference.

2-7. The allegations made in paragraphs 2-7 appear to be directed to another defendant and therefore require no response from Dr. Neal. To the extent such allegations may be construed against the legal interests of Dr. Neal, such allegations are denied.

**D. COUNT FOUR: (Inadequate and Improper Warnings)**

1. Dr. Neal incorporates his responses to the foregoing paragraphs herein by reference.

2-7. The allegations made in paragraphs 2-7 appear to be directed to another defendant and therefore require no response from Dr. Neal. To the extent such allegations may be construed against the legal interests of Dr. Neal, such allegations are denied.

**E. COUNT FIVE: (Misrepresentation)**

1. Dr. Neal incorporates his responses to the foregoing paragraphs herein by reference.

2-5. Dr. Neal admits that he justifiably and reasonably relied on representations made by Wyeth regarding the safety and efficacy of the subject diet drugs. The remaining allegations made in paragraphs 2-5 appear to be directed to another defendant and therefore require no response from Dr. Neal. To the extent such allegations may be construed against the legal interests of Dr. Neal, such allegations are denied.

**F. COUNT SIX: (The Physicians' Conduct)**

1. Dr. Neal incorporates his responses to the foregoing paragraphs herein by reference.

2. Dr. Neal denies the allegations contained in this paragraph to the extent that they relate to him. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph as they relate to the other defendants; therefore such allegations are denied as to the other defendants.

3. Dr. Neal denies the allegations contained in this paragraph to the extent that they relate to him. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph as they relate to the other defendants; therefore such allegations are denied as to the other defendants.

4. Dr. Neal affirmatively states that he provided prudent medical care to the Plaintiffs treated by him to include, but not limited to, counseling regarding the subject diet drugs in light of each plaintiff's medical history and physical condition. However, Dr. Neal lacks knowledge and information regarding what the Plaintiffs actually relied upon in deciding to take the subject diet drugs; therefore, such allegations are denied.

5. Dr. Neal denies the allegations contained in this paragraph to the extent that they relate to him. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph as they relate to the other defendants; therefore such allegations are denied as to the other defendants.

6. Dr. Neal denies the allegations contained in this paragraph to the extent that they relate to him. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph as they relate to the other defendants; therefore such allegations are denied as to the other defendants.

7. Dr. Neal denies the allegations contained in this paragraph to the extent that they relate to him. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph as they relate to the other defendants; therefore such allegations are denied as to the other defendants.

8. Dr. Neal denies the allegations contained in this paragraph to the extent that they relate to him. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations

contained in this paragraph as they relate to the other defendants; therefore such allegations are denied as to the other defendants.

9. Dr. Neal affirmatively states that he provided prudent medical care to the Plaintiffs treated by him to include, but not limited to, counseling regarding the subject diet drugs in light of each plaintiff's medical history and physical condition. However, Dr. Neal lacks knowledge and information regarding what the Plaintiffs actually relied upon in deciding to take the subject diet drugs; therefore, such allegations are denied.

10. Dr. Neal admits that the content of any such published recommendations speaks for itself.

11. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph; therefore such allegations are denied.

12. Dr. Neal denies the allegations contained in this paragraph to the extent that they relate to him. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph as they relate to the other defendants; therefore such allegations are denied as to the other defendants.

13. Dr. Neal affirmatively states that he provided medical diagnoses, treatment and advice within the applicable standard of care to the Plaintiffs treated by him. However, Dr. Neal lacks knowledge and information regarding what the Plaintiffs actually relied upon; therefore, such allegations are denied.

14. Dr. Neal denies the allegations contained in this paragraph to the extent that they relate to him. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph as they relate to the other defendants; therefore such allegations are denied as to the other defendants.

15. Dr. Neal denies the allegations contained in this paragraph to the extent that they relate to him. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph as they relate to the other defendants; therefore such allegations are denied as to the other defendants.

**F. COUNT SEVEN (Damages)**

1. Dr. Neal denies the allegations contained in this paragraph to the extent that they relate to him. Dr. Neal lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph as they relate to the other defendants; therefore such allegations are denied s to the other defendants.

**PRAYER**

Dr. Neal denies the allegations of the unnumbered paragraph beginning with "THEREFORE" immediately following Count VII of the First Amended Complaint. Dr. Neal affirmatively states that the plaintiffs are not entitled to the relief sought in the Complaint or to any relief whatsoever from him.

**GENERAL DENIAL**

Any allegation in the Plaintiff's Original Complaint that has not been specifically admitted herein is denied.

**WHEREFORE**, Dr. Lee Neal requests to be dismissed with prejudice with his costs assessed against the plaintiffs and further requests such other relief to which he may be entitled under the circumstances.

Respectfully submitted this ________ day of November, 2003.

F. LEE NEAL, JR., M.D.
DEFENDANT

BY: ______________________________
TODD WAYCASTER, MSB #10766

OF COUNSEL:

WAYCASTER LAW OFFICES, P.A.
Post Office Box 476
Natchez, MS 39121
ph: (601) 445-5600
fax: (601) 445-9932

ATTORNEYS FOR DEFENDANT
F. LEE NEAL, JR., M.D.

**CERTIFICATE OF SERVICE**

I, Todd Waycaster, hereby certify that I have served a true and correct copy of the foregoing ANSWER AND DEFENSES OF DEFENDANT LEE NEAL, JR., M.D. by U.S. Mail, postage fully pre-paid to the following counsel of record:

Nancy Armstrong
ARMSTRONG AND GUY LAW OFFICES, LLC
Post Office Box 1343
McComb, MS 39649

Kenneth W. Smith
MILLER AND ASSOCIATES
809 Cameron Street
Alexandria, VA 22314

Dated: November _____, 2003.

______________________________________

TODD WAYCASTER